IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SUBRAMANYAM VEDAM,

　　　　　　*Petitioner*,

　　　v.

LEONARD ODDO, *et al*,

　　　　　　*Respondents*.

Civil Action No. 3:26-cv-651

Hon. William S. Stickman IV

## **ORDER OF COURT**

Pending before the Court is Petitioner's Petition for Writ of Habeas. (ECF No. 1). On October 3, 2025, the Pennsylvania Department of Corrections released Petitioner from custody, and then immigration officials immediately took him into immigration custody. Petitioner seeks either immediate release or a bond hearing. The Court will deny his petition for the following reasons.

On June 16, 1962, Petitioner entered the United States at New York, New York, as an immigrant infant with his parents. At some point, he gained legal permanent resident alien status. His father was a professor who worked at Pennsylvania State University in State College, Pennsylvania. While a college student at Pennsylvania State University, Petitioner committed several crimes on separate dates. Of particular note to the Court his convictions for: (1) delivering Lysergic Acid Diethylamide ("LSD") on four separate occasions between January 12, 1982, and March 30, 1982, resulting in an aggregate sentence of 5 to 10 years of imprisonment; (2) Driving Under the Influence, Driving While Operating Privilege is Suspended or Revoked, Fleeing or Attempting to Elude Police, and Failure to Drive on the Right Side of Roadway plus Possession of Hashish on May 9, 1981; and (3) first-degree murder for killing his roommate,

1

resulting in the imposition of a life sentence of imprisonment in 1982 that was subsequently vacated on August 28, 2025.[1] ( ECF No. 13, Exhibit ("Ex.") 2, 3).

On November 18, 1999, an immigration judge ordered Petitioner removed based on his criminal convictions. (ECF No. 13, Ex. 5). Petitioner appealed the ruling, and on June 12, 2000, the Board of Immigration Appeals ("BIA") dismissed the appeal. (ECF No. 13, Ex. 2 at pp. 40, 41, and Ex. 6). On February 3, 2026, the BIA granted Petitioner's request to reopen his removal proceedings. It vacated his removal order of 1999, and remanded his case to the immigration court for consideration of his application for relief under former § 212(c) of the INA. (ECF No. 13, Ex. 7). On April 2, 2026, an immigration judge ("IJ") granted relief to Petitioner in the form of a waiver under INA § 212(c). (ECF No. 13, Ex. 9). On April 21, 2026, DHS-ICE filed an appeal of the April 2, 2026, ruling to the BIA. (ECF No. 13, Ex. 11).

As to bond, on February 18, 2026, an IJ held that it lacked jurisdiction to consider Petitioner's bond request because he was subject to mandatory detention pursuant to 8 U.S.C. § 1226(c) based on his multiple felony drug convictions. (ECF No. 13, Ex. 8). Alternatively, the IJ denied bond because it found that Petitioner was a danger to the community. (*Id*.). Petitioner appealed this decision to the BIA. (ECF No. 13, Ex. 12). On April 8, 2026, another IJ denied Petitioner's second request for custody determination stating:

> The Court will deny the motion for a new bond hearing for lack of jurisdiction. 8 C.F.R. 1003.19(e). The federal regulations state: "After an initial bond redetermination, an alien's request for a subsequent bond redetermination shall be made in writing and shall be considered only upon a showing that the alien's circumstances have changed materially since the prior bond redetermination." 8 C.F.R. 1003.19(e). The Court previously held a bond hearing and determined that it lacked jurisdiction to redetermine bond because the Respondent, having been

---

[1] The first jury's verdict was reversed by the Pennsylvania Superior Court, and at his retrial, a jury convicted Petitioner of first-degree murder in February 1988. Petitioner was sentenced to life imprisonment. Then, on August 28, 2025, the President Judge of the Centre County Court of Common Pleas vacated Petitioner's conviction of homicide.

convicted of an aggravated felony, is subject to mandatory detention under INA 236(c). See IJ Bond Order (Feb. 18, 2026). On April 2, 2026, this Court granted the Respondent's petition for relief under former Section 212(c) of the Act. But this grant of relief is not administratively final during the pendency of the 30-day period in which DHS may file an appeal. Because the Court's grant of relief is not administratively final, it is not a changed circumstance that materially impacts the basis for the Court's prior bond decision that it lacked jurisdiction because the Respondent is subject to mandatory detention. Accordingly, the instant motion for a new bond hearing must be denied pursuant to 8 C.F.R. 1003.19(e).

(ECF No. 13, Ex. 10).

The Court holds Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c) because of his four felony drug distribution convictions. The Laken Riley Act mandated that immigration authorities detain aliens, like Petitioner, who are inadmissible or removable from the United States and who have engaged in certain criminal activity. *See* Laken Riley Act, Pub. L. No. 119-1 § 2, 139 Stat. 3, 3 (2025). Section 1226(c) does not limit the length of the detention it authorizes during removal proceedings. *See Jennings v. Rodriquez*, 583 U.S. 281, 303 (2018).[2]

Lastly, the Court will not review the IJs' decisions denying Petitioner bond. Both decisions are currently on appeal to the BIA. The Court has no jurisdiction to second guess or reconsider the IJs' decisions. *See* 8 U.S.C. § 1226(e) ("[n]o court may set aside any action or

---

[2] The Supreme Court of the United States has held § 1226(c) is not facially unconstitutional. *Demore v. Kim*, 538 U.S. 510, 531 (2003). Immigrants detained under § 1226(c) may bring as-applied challenges to the constitutionality of their detentions. *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203 (3d Cir. 2020) (stating,"[w]hen detention becomes unreasonable, the Due Process Clause demands a hearing." *Id*. at 210 (cleaned up)). In this circuit, there is a non-exhaustive list of four factors to consider in assessing whether detention has grown unreasonable: 1) duration of detention; 2) whether the detention is likely to continue; 3) the reasons for the delay; and 4) whether the conditions of confinement are meaningfully different from criminal confinement. *Id*. at 211 (citations omitted). The Court holds that Petitioner's detention has not become unreasonable and does not violate due process. He has been in immigration detention for almost eight months. His immigration proceedings have moved forward at a normal rate, and Petitioner has not provided good reason to believe that his immigration proceedings will be unduly prolonged.

decision ... regarding ... the denial of bond ....").  While Petitioner argues that the IJs failed to consider certain evidence favorable to him, adjudicating these arguments would require the Court to assess the underlying discretionary bond determination itself, not an alleged constitutional or statutory deficiency.  The Court simply does not have jurisdiction to review the underlying discretionary decision by the IJs to deny Petitioner bond.

AND NOW, this 26th day of May 2026, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED.

BY THE COURT:

*/s/William S. Stickman IV*
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

4